Case 3:16-cr-00066-RLY-CSW   Document 67   Filed 06/09/25   Page 1 of 4 PageID #: 248

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 3:16-cr-00066-RLY-CSW-1 |
| Damien M. Armstead | ) |
| | ) USM No: 15516-028 |
| Date of Original Judgment: 2/14/2019 | ) |
| Date of Previous Amended Judgment: | ) Pro se |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  02/14/2019  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 06/09/2025

_____
Judge's signature

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge

A CERTIFIED TRUE COPY
Kristine L. Seufert
U.S. District Court
Southern District of Indiana
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cr-00066-RLY-CSW |
| | ) | |
| DAMIEN M. ARMSTEAD, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Damien Armstead moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Filing No. 54). For the reasons set forth below, the court **DENIES** Armstead's motion.

**I.   Background**

In 2019, Armstead pleaded guilty to possession with intent to distribute in excess of 50 grams of methamphetamine. (Filing No. 48, Judgment at 1). He was assessed an offense level of 31. (Filing No. 42, Presentence Report ¶ 28). He was determined to be a career offender. (*Id.* ¶ 25). He received a subtotal criminal history score of 8. (*Id.* ¶ 41). He received two additional points for committing the instant offense while under a criminal justice sentence, making his total criminal history score 10. (*Id.* ¶¶ 42–43). Because of his status as a career offender, his criminal history category was automatically VI. (*Id.* ¶ 43). His guidelines range was 188 to 235 months of imprisonment. (*Id.* ¶ 83). The court ultimately sentenced Armstead to 151 months of imprisonment. (Judgment at 2).

1

## II.     Legal Standard

The court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission.  The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines, including Amendment 821.  If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) in deciding whether and how to reduce a sentence.  *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

## III.    Discussion

Armstead argues he is entitled to a sentence reduction under Part A of Amendment 821, which limits the overall impact of "status points" on certain offenders' criminal histories.  U.S.S.G. § 4A1.1(e).  Specifically, Part A reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point (if the defendant received seven or more criminal history points) or zero points (if the defendant received six or fewer criminal history points).  *Id.*

Armstead originally received two status points.  (Presentence Report ¶ 42).  Pursuant to Part A, he would now receive only one status point.  (*See id.* ¶ 41); U.S.S.G. § 4A1.1(e).  However, because of Armstead's status as a career offender, this change in his criminal history point total does not affect his criminal history category or, therefore, his guidelines sentencing range.  *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal

history category in every case . . . shall be Category VI."). Because Part A does not lower Armstead's guidelines range, the court cannot reduce his sentence. *See id.* § 1B1.10(a)(2)(B) (stating a sentence reduction is not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

### IV. Conclusion

Armstead's Motion for Sentence Reduction (Filing No. 54) is **DENIED**. Armstead's 151-month sentence remains as imposed at sentencing.

**IT IS SO ORDERED** this 9th day of June 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Mail to:

Damien M. Armstead
Reg. No. 15516-028
USP Beaumont
U.S. Penitentiary
P.O. Box 26030
Beaumont, TX 77720